

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 26, 2023

**VIA ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *United States v. Haji Najibullah, et al.*, 14 Cr. 401 (KPF)

Dear Judge Failla:

      The Government respectfully submits this letter in response to the defendant's request for a modification of the Court's April 3, 2023 order that defense counsel not share classified discovery materials with the defendant until the issue of the defendant's access to those materials is resolved (the "April 3 Order"). *See* Dkt. 82. The defendant argues that he cannot adequately be advised about a potential plea offer without access to the classified material at issue. While the Government writes briefly below to clarify certain assertions made by the defense in its April 25, 2023 letter, it respectfully submits that, at bottom, plea discussions between the parties are irrelevant to the Court's consideration of the underlying classified litigation. For the reasons set forth in the Government's April 12, 2023 classified submission,[1] the defendant is not entitled to access classified material, even if he has already viewed it. The existence of plea discussions has no bearing on that analysis. The defendant's request for a modification of the April 3 Order should thus be denied.

      While the Government does not believe it is necessary or productive to recite the particulars of its interactions with defense counsel concerning a potential plea, and is mindful of Rule 11's admonition that the parties not involve the Court in plea discussions, it writes to clarify two points. *First*, the Government's April 19, 2023 description of a potential disposition in this matter (which was explicitly not a plea offer) was provided after the defense requested to engage in plea discussions on April 4, 2023, shortly after the conference before the Court.[2] On April 24, 2023,

---

[1] The Court previously ruled that the Government not file a reply to the defendant's response on the merits of this question. While the Government continues to regret its error in producing classified materials to the defendant—an error that it should have identified sooner—it does not concede the defendant's description of the facts or the law in its submission and will address the defendant's claims at oral argument.

[2] As the Government has repeatedly conveyed to defense counsel, it cannot extend an offer

following multiple exchanges between the parties regarding the timing and substance of the Government's proposed potential disposition, defense counsel for the first time raised their purported inability to advise their client about a resolution without providing the defendant access to classified material. It is unclear why the defense would request to and in fact engage in plea discussions if they did not believe they could advise their client under the terms of the April 4 Order. Regardless, the defense's efforts to leverage plea discussions cannot be a basis for the Court to reconsider the April 4 Order, and, more importantly, the requested modification would be inconsistent with the weight of authority cited in the Government's April 12, 2023 classified submission.[3] *Second*, it is not the Government's position that it will be unwilling to engage in any plea discussions with the defense following the May 4 conference, but rather that it cannot commit to what, if any, plea offer it will be in a position to make at any future stage of the case.

Thus, for the reasons set forth in the Government's April 12 classified submission, the defendant's request to access classified materials should be denied. While the Government has been clear that it produced those materials to the defendant in error, the Government's error does not entitle the defendant to access classified materials. Nor does the existence of plea discussions create any entitlement for the defendant to access classified materials. For all of these reasons, the defendant's request should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s/
　　　Samuel Adelsberg
　　　David W. Denton, Jr.
　　　David J. Robles
　　　Assistant United States Attorneys
　　　Tel: (212) 637-2494 / 2744 / 2550

---

without, among other things, conferring with the victims of the charged offenses and obtaining approval by the National Security Division.

[3] Of note, defense counsel acknowledges that there is no precedent supporting their request for a modification of the April 3 Order. *See* Dkt. 82 at 3. That is because, as set forth in the Government's April 12 classified submission, lack of access to classified material does not violate a defendant's Sixth Amendment rights. *See, e.g.*, *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 127-30 (2d Cir. 2008).